DANIEL D. LENIHAN, administrator, *vs.* BOSTON AND MAINE RAILROAD.

Essex.    March 21, 1927. — May 21, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Railroad,* Statutory liability for failure to ring bell at grade crossing. *Evidence,* Of failure to ring bell, Presumptions and burden of proof. *Negligence,* Gross; Contributory; Of person in charge of child; Railroad: grade crossing.

At the trial of an action under G. L. c. 160, § 232, by an administrator against a railroad corporation for the loss of life of the intestate, a child three years of age, due to a failure by the defendant to ring a bell at a grade crossing, it appeared that the intestate was walking beside and in charge of his mother, who was pushing a sled on which was a child two years of age; that the mother's hearing was good; that she looked and saw the train coming, saw the light and heard the sound of the engine and heard the noise of the train. She testified that she did not hear a bell rung and that when she entered the crossing the gates were up. The point from which the train started was less than eighty rods from the crossing. The sounding of a whistle at the crossing had been dispensed with under G. L. c. 160, § 139. *Held,* that

(1) The nearness to the crossing of the starting point of the train did not relieve the defendant of the duty, still remaining upon it under G. L. c. 160, § 138, to give warning by a bell;

(2) Considering the matters from the mother's position, observation and hearing, it could not be said as matter of law that there was no evidence that the bell was not ringing. Distinguishing *Hubbard* v. *Boston & Albany Railroad,* 159 Mass. 320;

(3) The burden was on the defendant to prove that the mother was guilty of gross negligence, and it could not be ruled as a matter of law that such burden had been sustained.

A count in the declaration in the action above described was under G. L. c. 229, § 3. The trial judge ruled that as matter of law the intestate was too young to care for himself, that he was identified with his mother so far as the question of due care was concerned, and that as matter of law the mother was negligent; and ordered a verdict for the defendant. *Held,* that the rulings were correct.

TORT, with a declaration as amended for causing conscious suffering and the death of Michael Lenihan, the plaintiff's intestate. Writ dated May 8, 1923.

The declaration as amended is described in the opinion. The action was tried in the Superior Court before *Gray,* J. Material evidence and exceptions by both parties are described in the opinion. The judge "ruled that as a matter of law the plaintiff's intestate, Michael Lenihan, a three year old boy, was too young to take care of himself and that as he was in the actual physical custody of his mother, Mrs. Nora Lenihan, at the time of the accident, the deceased was identified with her so far as the question of due care was concerned and that the plaintiff could not recover under either the first or second counts of the declaration if Mrs. Lenihan was guilty of contributory negligence."

The record states: "The plaintiff does not claim that there was any conscious suffering on the part of the plaintiff's intestate."

There was a verdict for the plaintiff on the third count of the declaration in the sum of $4,700. Both parties alleged exceptions.

*A. W. Rockwood,* for the defendant.

*J. P. Kane,* for the plaintiff.

CARROLL, J. This is an action to recover for the conscious suffering and death of the plaintiff's intestate, Michael Lenihan, who was three years and six months old when he

was killed by a train of the defendant on a highway grade crossing.

In the first count the plaintiff alleged, in effect, that the intestate, while travelling on the highway, crossing the defendant's tracks, was struck and killed by the engine and cars of the defendant, by reason of its negligence in operating the railroad and by reason of the carelessness of the defendant's servants while engaged in its business. The second count is to recover for conscious suffering. The answer to these counts alleged that the death and conscious suffering of Michael Lenihan were due to his carelessness or the carelessness of the person in whose charge he was. The third count is based on G. L. c. 160, § 232, the plaintiff contending that the statutory signals required by G. L. c. 160, § 138, were not given. At the close of the evidence, a verdict for the defendant on the first and second counts was ordered on the ground that Mrs. Lenihan, who at the time of the accident had the custody of the child, was guilty of contributory negligence. The plaintiff excepted to this ruling. The defendant's motion for a directed verdict under the third count was denied. On this count the jury found for the plaintiff and the defendant excepted. We will first consider the defendant's exceptions.

G. L. c. 160, § 138, requires every railroad corporation to place on each locomotive engine a bell and whistle, such bell to be rung or "at least three separate and distinct blasts of such whistle sounded at the distance of at least eighty rods from the place where the railroad crosses upon the same level any public way . . . [and] such bell shall be rung or such whistle sounded continuously or alternately until the engine has crossed such way." The sounding of the whistle was dispensed with at this particular crossing under the authority given in G. L. c. 160, § 139.

The train that struck the plaintiff's intestate was made up of a locomotive engine and two passenger cars which ran between two stations in Lawrence. It started from North Lawrence and was proceeding toward South Lawrence when the accident happened. The point from which the train started was less than eighty rods from the highway grade

crossing. Although the defendant was forbidden to blow the whistle at this crossing, it was not excused from the obligation of ringing the bell. The fact that the train did not start from a point eighty rods distant from the crossing, did not exempt the defendant from signalling the approach of the train by the ringing of the bell. The purpose of the statute was to warn the travelling public of the approach of a train by a continuous noise from either the bell or whistle during the entire distance. As the whistle could not be sounded the sole warning was to come from the bell. The construction of the statute contended by the defendant, that, inasmuch as the starting place was less than eighty rods from the crossing, the bell was not required to be rung, is not in accordance with the meaning of the statute or its intent. See *White* v. *New York, New Haven & Hartford Railroad,* 200 Mass. 441; *Rodriques* v. *New York, New Haven & Hartford Railroad,* 210 Mass. 305, 307.

Mrs. Lenihan testified that as she approached the crossing she was walking; that she was pushing a sled; that her son David, about two years old, was in a box on the sled and that her son Michael was walking by her side; that the gates were up; that she did not hear the whistle and she did not hear the bell; that she heard the sound of the engine when she was between the two tracks; and that her hearing was good. One LaTraverse testified that he saw Mrs. Lenihan "just going across onto the first track," that "he did not hear any bell ringing." This was evidence for the jury that the bell was not rung. It was said in *Slattery* v. *New York, New Haven & Hartford Railroad,* 203 Mass. 453, 457, where the cases are collected, quoting from *Menard* v. *Boston & Maine Railroad,* 150 Mass. 386, 387: "Ordinarily, all that a witness can say, in such a case, when called to prove that a bell was not rung, is that he did not hear it. Such a statement, with no accompanying facts, is merely negative, and of no value as evidence. . . . A witness may be in any conceivable attitude of attention or inattention, which will give his evidence value, or leave it with little or no weight; but where his position is such that the sound would have been likely to attract his attention if the bell had

been rung, his failure to hear it is some evidence that there was no ringing." Mrs. Lenihan was upon the crossing with her two children, her hearing was good, she saw the light and heard the sound of the engine and heard the noise of the train. She testified: "I looked and I saw it coming from the north side going towards the south." She did not hear the bell rung. From her position, her observation and hearing, it could not be said as matter of law that there was no evidence that the bell was not ringing. It was a question of fact on the evidence. *Menard* v. *Boston & Maine Railroad, supra. Walsh* v. *Boston & Maine Railroad,* 171 Mass. 52. *Daniels* v. *New York, New Haven & Hartford Railroad,* 183 Mass. 393, 396. *Slattery* v. *New York, New Haven & Hartford Railroad, supra.* The defendant relies on *Hubbard* v. *Boston & Albany Railroad,* 159 Mass. 320. That case is to be distinguished: both witnesses who testified at the trial that the bell was not rung were occupied in building a fence and neither was interested for any reason in the approach of the train.

It is further contended that Mrs. Lenihan was guilty of gross negligence which contributed to the accident. The burden was on the defendant to show this. When she entered upon the crossing the gates were up. She could not rely exclusively on this fact, but it was a circumstance to be considered in passing on her gross negligence. As she was upon the crossing, if the bell were not rung and she was close to a place of danger when she heard the train for the first time and then saw the light upon the engine, and considering further the fact that she had two children in her care, it was for the jury to say whether this defence of gross negligence was established. We cannot say that it was made out as matter of law. *Copley* v. *New Haven & Northampton Co.* 136 Mass. 6. *Doyle* v. *Boston & Albany Railroad,* 145 Mass. 386. *Sullivan* v. *New York, New Haven & Hartford Railroad,* 154 Mass. 524. *LaFond* v. *Boston & Maine Railroad,* 208 Mass. 451.

The plaintiff excepted to the ruling of the judge in directing a verdict for the defendant on the first and second counts. A railroad crossing is a place of special danger. A traveller

approaching it cannot rely entirely on signals and the performance of duty by the servants of the railroad. He must use his senses and actively attend to his own safety. The care required at such a place of danger is not to be measured by the standard of care required of a traveller on a highway where there is no such danger. *Fogg* v. *New York, New Haven & Hartford Railroad,* 223 Mass. 444.   *Allen* v. *Boston & Maine Railroad,* 245 Mass. 139.   The evidence shows that Mrs. Lenihan, who had the custody of Michael, went upon the crossing without using the degree of care required of her.   Because of her want of proper care, a verdict for the defendant on the first and second counts was directed   properly.

*Defendant's exceptions overruled.*
*Plaintiff's exceptions overruled.*