355 So.2d 1383 (1978)
Carol Sue BUNCH, mother and next friend of Dell Ann Robinson
v.
Arthur SHAW, d/b/a Vicksburg Lanes, and Thomas Golding.
No. 50013.
Supreme Court of Mississippi.
March 15, 1978.
*1384 Ward, Martin, Terry & Way, W.C. Way, Vicksburg, for appellant.
Nutt & Hancock, David H. Nutt, Jackson, W.B. Duggins, Vicksburg, Shell, Buford, Bufkin, Callicutt & Perry, Richard S. Bush, Jackson, for appellees.
Before SMITH, ROBERTSON and LEE, JJ.
ROBERTSON, Justice, for the Court:
Dell Ann Robinson, a 6-year-old girl, was injured when lockers at Vicksburg Lanes, a public bowling facility in Vicksburg, Mississippi, fell on her. The minor, by Carol Sue Bunch, her mother and next friend, brought suit in the Circuit Court of Warren County against Arthur Shaw, the lessee of Vicksburg Lanes, and Thomas Golding, the lessor of the building containing the public bowling facility.
At the close of the evidence, the court granted a peremptory instruction for the defendant, Thomas Golding, the owner and lessor of the building containing the bowling alleys. The jury returned a verdict for defendant Shaw, the lessee.
Appellant contends on appeal that:
1. The court erred in granting a peremptory instruction to Golding, and
2. The court erred in granting an abstract instruction to defendant Shaw whereby negligence, if any, of the parents could be imputed to a minor child.
Dell Ann Robinson, a 6-year-old child, accompanied her parents and two brothers to Vicksburg Lanes, a 16-lane bowling alley, on the night of January 30, 1970. The bowling alley was crowded that night. Children were not allowed in the bowling pits with their parents, so while her parents bowled she and her two brothers played with other children in other parts of the *1385 building, including the locker area. These lockers were provided for the convenience of the bowlers. A few minutes before the accident, two young boys were walking on the tops of the lockers and were ordered to get away from the locker area by Ed Goodman, the maintenance man. The boys were asked to leave, and they left. A few minutes later a section of the lockers toppled over on Dell Ann Robinson, injuring her.
We are of the opinion that the peremptory instruction was properly granted to defendant Thomas Golding, the owner and lessor of the bowling facility.
The testimony was that these were standard AMF lockers for bowlers, were properly installed in 1963, and were found to be in good condition by Golding and Shaw when they entered into an oral lease on July 1, 1969. Under the terms of the lease, the lessor was responsible for the roof and outside of the building, and the lessee, Shaw, was responsible for the inside of the building including the bowling alleys and lockers.
As was said in 52 C.J.S. Landlord & Tenant § 422(2)a, page 155 (1968):
"The existence of the defects at the time of the letting, however, must be shown, and there is no presumption when a long time had elapsed from the letting that the defects existed at the commencement of the term, but the inference is to the contrary."
The appellant contends that the granting of the following instruction was error:
"You are instructed by the Court that the parents of an infant, or those standing in a relationship of parents, have the duty of exercising parental restraint and control over children of young and tender years, which includes the duty to exercise reasonable care to supervise their activities and conduct in order to prevent activities or conduct which may result in accident or injury to such child or children; and if you should find from the evidence in this case that Plaintiff's parents failed to exercise such care and that, as the sole, direct and proximate result of such failure, the plaintiff was injured, then your verdict must be for the Defendant, Arthur Shaw."
While there is some evidence that the parents of Dell Ann Robinson were negligent and did not properly supervise her activities, this evidence is not incorporated in this instruction. It is an abstract instruction.
In Freeze v. Taylor, 257 So.2d 509 (Miss. 1972), this Court said:
"The granting of an abstract instruction is not ordinarily considered to be a reversible error unless it tends to confuse and mislead the jury. Johns-Manville Products Corp. v. McClure, 46 So.2d 539 (Miss. 1950); 88 C.J.S. Trial § 379, p. 962 (1955)." 257 So.2d at 511.
We think that this instruction would tend to confuse and mislead the jury, and for that reason alone would be reversible error.
The granting of this instruction constitutes fatal error for another reason. It allows the jury to impute the parents' negligence to a six-year-old child. In Westbrook v. Mobile and Ohio R.R. Co., 66 Miss. 560, 6 So. 321 (1889), this Court said:
"But when the action is brought, as in the case at bar, by the infant, or for his benefit, the better rule is that the negligence or misconduct of the parent or custodian of the child shall not be imputed to the child. Beach on Con. Neg., § 43, and authorities there cited. To charge the child with the negligence of the parent or custodian, in such case, would be, as said by the supreme court of New York, in Lannen v. Albany Gas-Light Co., 46 Barb. 264, to visit `the sins of the fathers upon the children, to an extent not contemplated by the Decalogue, or in the more imperfect digests of human law.'" 66 Miss. at 568-69, 6 So. at 322.
The same conclusion was reached in the later case of Louisville, N.O. and T. Ry. Co. v. Hirsch, 69 Miss. 126, 13 So. 244 (1891).
In St. Louis & S.F.R. Co. v. Underwood, 194 F. 363 (5th Cir.1912), a six-year-old girl *1386 was badly injured when a pile of lumber, around which she was playing, toppled over on her. In affirming a verdict for the minor child, the Circuit Court of Appeals, Fifth Circuit, said:
"But it is insisted by counsel that if the father, who had charge of the lumber as section foreman of the defendant, was negligent, either in failing to keep the pile of lumber in a safe condition, or in permitting the child to play on it, that his negligence was imputable to the child. It should be borne in mind that this suit is brought, not for the benefit of the parents, but in behalf of the child, for injuries by her sustained. In such case the better rule, which is supported by the decided weight of authority, is that the negligence of the parents should not be imputed to the child. 1 Thompson's Com. Law.Neg. §§ 292, 293, 294; Westbrook v. Railroad Company, 66 Miss. 560, 6 So. 321, 14 Am.St.Rep. 587; Railway Company v. Hirsch, 69 Miss. 126, 13 So. 244." 194 F. at 365. [Emphasis added].
For these reasons, the judgment of the trial court is affirmed as to defendant Golding, but reversed and remanded for a new trial as to defendant Shaw.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.