441 So.2d 101 (1983)
Annette LUCAS, et al.
v.
MISS. HOUSING AUTHORITY # 8.
No. 53752.
Supreme Court of Mississippi.
July 27, 1983.
Rehearing Denied December 14, 1983.
*102 Richard W. Hamilton, Rex Gordon, Sr., Gordon, Myers & Gordon, Pascagoula, for appellant.
Roger T. Clark, Gulfport, Joe R. Colingo, Pascagoula, Grier J. Gregory, Gulfport, Bryant & Stennis, Pascagoula and Gulfport, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and ROBERTSON, JJ.
ROY NOBLE LEE, Justice, for the Court:
The family of Demond Tubbs (Lucas) filed suit in the Circuit Court of Jackson County, Honorable Clinton E. Lockard, presiding, against Mississippi Regional Housing Authority # 8 (Housing Authority), seeking damages resulting from the death of Demond Tubbs, who drowned in the Housing Authority swimming pool on June 21, 1980. The jury returned a verdict in favor of the Housing Authority, and Lucas has appealed here, assigning two errors in the trial below.

I.
Did the lower court err in failing to grant a peremptory instruction or a judgment notwithstanding the verdict for appellants?
The facts of the case are largely uncontradicted. The appellee owned and operated an apartment complex in Gautier, Mississippi, known as Belle Ville Apartments, which consisted of 144 units. In the complex there was a swimming pool, approximately twenty-four feet wide by fifty feet long, three feet deep at the shallow end and eight feet deep at the deepest end.
On June 21, 1980, Annette Lucas went to the apartment complex, accompanied by her six-year-old son, Demond Tubbs, and two other children, for the purpose of visiting her friends, Marie and Vaughn Ferrill, who resided in one of the apartments. When she arrived, she found a note on the door of the Ferrills' apartment that they were at the swimming pool. Mrs. Lucas went to the pool, the Lucas children wanted to go swimming, and, with the permission of the Ferrills, the Lucas children got into the pool. One of the children did not have proper swimming attire, and Mrs. Paulette Nelson, another tenant, offered him some extra swim trunks in her apartment. Lucas left the pool for that purpose, and Marie Ferrill was supposed to look after the children.
When the child's mother returned to the pool, she was unable to find Demond and a search began for him. Finally, one Walter Ray Henderson discovered the child's body in the deep end of the pool near the drain. The child's hands and feet were wrinkled and his tongue was a pale white color. Mrs. Lucas began massaging him and he was administered mouth-to-mouth resuscitation. The ambulance arrived, the child was taken to the hospital, but was pronounced dead from drowning approximately fifteen minutes after his arrival there.
Mike Giles, an Assistant Professor and Director of Aquatics at the University of Southern Mississippi, who had a Master's Degree in Physical Education and was a qualified Red Cross lifesaving instructor, testified for the appellants. He had been teaching swimming and had managed pools for approximately twenty years and had written articles on water safety. Giles testified that, based on the uncontradicted evidence as to the condition of the pool, it was his opinion that an unreasonably dangerous condition existed in the pool.
*103 The first question to be resolved is the status of the deceased child at the time he used the swimming pool, viz, whether he was an invitee or a licensee. If the deceased was an invitee, the appellee owed him the duty to use reasonable care to prevent his injury or death, but, if he was a licensee, the only duty owing from appellee was not to willfully or wantonly injure him. An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. A licensee is one who enters upon the property of another for his own convenience, pleasure or benefit, pursuant to the license or implied permission of the owner. Hoffman v. Planters Gin Co., Inc., 358 So.2d 1008 (Miss. 1978).
The swimming pool at the apartment complex had been constructed and was maintained for the benefit of the tenants in the complex, and it reasonably follows that the pool was for the mutual benefit of the appellee and its tenants, and that a part of the rental or consideration for occupying the apartments was the inducement, pleasure and benefit of the swimming pool to the tenants. Appellee permitted the tenants to invite guests to the complex for the purpose of swimming in the pool. The swimming pool, therefore, was a common area of the complex used by the tenant families and their invited guests. It would be unconscionable to establish a principle of law that appellee owed to the six-year-old child of a tenant the duty to use reasonable care not to injure him and, yet, owed to his six-year-old invited guest, swimming in the same pool, only the duty not to willfully or wantonly injure him.
In Turnipseed v. McGee, 236 Miss. 159, 109 So.2d 551 (1959), the Court touched upon the principle involved here and said:
The second, alternative theory of liability upon which plaintiff must rely pertains to a multi-unit apartment building, where the owner leases parts to different tenants, and expressly or impliedly reserves other parts, such as entrances, halls, stairways, porches and walks, for the common use of different tenants. It is the landlord's duty to exercise reasonable care to keep safe such parts over which he reserves control, and, if he is negligent in this respect, and personal injury results to a tenant or to a person there in the right of the tenant, he is liable in tort. 32 Am.Jur., Landlord and Tenant, Section 688. [236 Miss. at 167, 109 So.2d at 544]. (Emphasis added)
The lower court submitted the issues to the jury on the standard that Demond Tubbs was an invitee and we hold that he correctly applied the standard of care required of the appellee for the protection and safety of the child.
However, on this assignment of error it is for the jury to determine whether or not negligence of the appellee proximately caused, or contributed to, the child's death. We think the rule as stated in Georgia-Pacific v. Blakeney, 353 So.2d 769 (Miss. 1978), quoting previous decisions, applies to appellant's request for a peremptory instruction:
The rule, in determining whether a motion for directed verdict should be granted, requires the trial judge to consider the evidence on behalf of the party against whom a directed verdict is requested, along with all reasonable inferences, in the light most favorable to said party, disregard any evidence of the other party in conflict therewith, and, if the evidence and reasonable inferences to be drawn therefrom would support a verdict for such party, the motion for directed verdict should be denied. (Here the motion for directed verdict actually was a request for peremptory instruction). Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975); White v. Thomason, 310 So.2d 914 (Miss. 1975); Williams v. Weeks, 268 So.2d 340 (Miss. 1972); Clark v. Luther McGill, Inc., 240 Miss. 509, 127 So.2d 858 (1961); Sumrall Motor Co. v. Creel, 158 Miss. 262, 130 So. 151 (1930). [353 So.2d at 772].
While the evidence here is mostly undisputed, the issue of causation is still a question for the jury.
*104 We are of the opinion that the lower court correctly overruled appellant's request for a peremptory instruction on the issue of liability.

II.
Did the lower court err in granting Jury Instruction D-15 and D-16 at the request of appellee?
Instruction D-15 stated that, if the jury found from the evidence Annette Lucas, the mother of Demond Tubbs, or the person to whom Annette Lucas entrusted the duty to look after and care for the safety of Demond Tubbs, failed to use ordinary and reasonable care in looking after the safety and well-being of Demond Tubbs while in and about the swimming pool, then Annette Lucas was negligent and, if the jury found that such negligence was the sole proximate cause of the death of Demond Tubbs, then the verdict should be for the defendant. Instruction D-16 was in similar language, and told the jury that, if it believed Annette Lucas left Demond Tubbs in the care of Marie Ferrill, and that Marie Ferrill did not exercise reasonable and ordinary care, then the verdict should be for the defendant. [See Appendices I and II].
Bunch v. Shaw, 355 So.2d 1383 (Miss. 1978), was a suit for injuries sustained by a six-year-old child when lockers in a bowling alley fell on her. The same instruction was given for the defendant in that case. In holding the instruction constituted error and in reversing the judgment of the lower court, this Court said:
We think that this instruction would tend to confuse and mislead the jury, and for that reason alone would be reversible error.
The granting of this instruction constitutes fatal error for another reason. It allows the jury to impute the parents' negligence to a six-year-old child. In Westbrook v. Mobile and Ohio R.R. Co., 66 Miss. 560, 6 So. 321 (1889), this Court said:
"But when the action is brought, as in the case at bar, by the infant, or for his benefit, the better rule is that the negligence or misconduct of the parent or custodian of the child shall not be imputed to the child. Beach on Con. Neg., § 43, and authorities there cited. To charge the child with the negligence of the parent or custodian, in such case, would be, as said by the supreme court of New York, in Lannen v. Albany Gas-Light Co., 46 Barb. 264, to visit `the sins of the fathers upon the children, to an extent not contemplated by the Decalogue, or in the more imperfect digests of human law.'" 66 Miss. at 568-69, 6 So. at 322.
The same conclusion was reached in the later case of Louisville, N.O. and T. Ry. Co. v. Hirsch, 69 Miss. 126, 13 So. 244 (1891). [355 So.2d at 1885].
We do not think the fact that Demond Tubbs lost his life and the six-year-old child in Bunch only was injured distinguishes the cases, and we hold that the principle applies in the present case. In our opinion, it was error to grant Instruction D-15. Also, Instruction D-16 should not have been given because (1) the fact that Annette Lucas, Demond Tubbs' mother, left the child in the care of Marie Ferrill probably presented to the jury the question of whether or not Annette Lucas was negligent in so doing, and (2) the evidence does not show to what extent Marie Ferrill acted as custodian of the child and what her responsibility involved.
The appellant argues that appellee did not properly preserve the point on appeal, and that Jury Instruction P-10, granted at the request of appellant, told the jury that, negligence, if any, of Annette Lucas or Mrs. Ferrill is not a bar to recovery by the plaintiffs, but that, if the defendant was guilty of negligence, which proximately caused or contributed to the drowning and death of Demond Tubbs, the plaintiffs were entitled to recover [See Appendix III]. In our opinion, the objections to D-15 and D-16 were specific and properly preserved the error for appeal here. Also, those instructions were granted over the strenuous objection of the appellant, who was placed in the position of being forced to request *105 the Instruction P-10 in order to mitigate the harm resulting from those instructions. We are of the opinion that granting Instruction P-10 did not cure the errors and harm flowing from D-15 and D-16, and that the judgment of the lower court must be reversed and the case remanded for a new trial.
REVERSED AND REMANDED.
PATTERSON, C.J., BROOM, P.J., and BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
WALKER, P.J., and DAN M. LEE, J., specially concur.

APPENDIX I

JURY INSTRUCTION NO. D-15
The Court instructs the jury that the law casts upon the parent of a minor child the duty to exercise ordinary or reasonable care to look after the safety and well being of a minor child and the Court further instructs you that if you find from the evidence in this case, if any, that Annette Lucas, the mother of Demond Tubbs, or the person to whom Annette Lucas entrusted the duty to look after and care for the safety of Demond Tubbs, failed to use ordinary or reasonable care in looking after the safety and well being of Demond Tubbs while in and about the swimming pool belonging to the Defendant in this case, then and in that event, Annette Lucas was negligent, and if you further find that the negligence of Annette Lucas, if any, was the sole proximate cause of the death of Demond Tubbs then, and in that event, it will be your sworn duty to find for the Defendant.

APPENDIX II

JURY INSTRUCTION NO. D-16
The Court instructs the jury that if you believe from the evidence in this case, if any, that Annette Lucas left Demond Tubbs in the care of Marie Ferrell and that Marie Ferrell did not exercise reasonable or ordinary care in observing or looking after the child then Marie Ferrell was negligent. The Court further instructs you that if you find Marie Ferrell was negligent as above set out and that such negligence, if any, was the sole proximate cause of the death of Demond Tubbs then, and in that event, it shall be your sworn duty to return a verdict for the Defendant.

APPENDIX III

JURY INSTRUCTION NO. P-10
You are instructed that even though you may believe from the evidence that the mother, Annette Lucas, may have been guilty of inattendance in supervising her child, or that Mrs. Ferrell was likewise negligent in failing to supervise the deceased child, that, nevertheless, such negligence, if any, is not a bar to recovery in favor of the Plaintiffs if you believe from a preponderance of the evidence that there was negligence of the Defendant that proximately caused or contributed to the drowning and death of Demond A. Tubbs.
WALKER, Presiding Justice, specially concurring:
I concur with the result reached by the majority because, in my opinion, there was no negligence proved that Annette Lucas, the mother of the deceased child, was negligent in leaving the child with her friend, Marie Ferrill. Put another way, there was no proof that Marie Ferrill was not competent to look after the child.
If this had been a case where Annette Lucas had negligently supervised her child at the swimming pool, then I would have a different view. To me, it would be grossly inequitable to permit a negligent parent to fully recover for the death of her child from a third party whose negligence was only a minor contributing factor to the child's death. Under such circumstance, I would apply our comparative negligence rule.
Research reveals the divisions of authority on this question as follows:
Twenty-six states hold that the negligence of the sole beneficiary is a complete bar to recovery:

*106 Alabama: Peoples v. Seamon, 249 Ala. 284, 31 So.2d 88 (1947).
Arizona: Womack v. Preach, 64 Ariz. 61, 165 P.2d 657 (1946).
California: Kasunich v. Kraft, 201 Cal. App.2d 177, 19 Cal. Rptr. 872 (1962).
Colorado: Willy v. Atchison, T & S.F.R. Co., 115 Colo. 306, 172 P.2d 958 (1946).
Delaware: Jones v. Pennsylvania R. Co., 123 A.2d 111 (Del. 1956).
Georgia: Walden v. Coleman, 217 Ga. 599, 124 S.E.2d 265 (1962).
Kansas: Schmidt v. Martin, 212 Kan. 373, 510 P.2d 1244 (1973).
Kentucky: Burton v. Spurlock, 294 Ky. 336, 171 S.W.2d 1012 (1943).
Massachusetts: Lenihan v. Boston & M.R. Co., 260 Mass. 28, 156 N.E. 857 (1943).
Minnesota: Hondl v. Chicago Great Western R. Co., 249 Minn. 306, 82 N.W.2d 245 (1957).
Missouri: Dye v. Geir, 345 S.W.2d 83 (Mo. 1961).
Nebraska: Wieck v. Blessin, 165 Neb. 282, 85 N.W.2d 628 (1957).
New Hampshire: Pike v. Adams, 99 N.H. 221, 108 A.2d 55 (1954).
New Mexico: Baca v. Baca, 71 N.M. 468, 379 P.2d 765 (1963).
North Carolina: Harton v. Forest City Teleph. Co., 141 N.C. 455, 54 S.E. 299 (1906).
North Dakota: Burkstrand v. Rasmussen, 77 N.D. 716, 45 N.W.2d 485 (1950).
Ohio: Wolf v. Lake Erie & W.R. Co., 55 Ohio St. 517, 45 N.E. 708 (1896).
Oregon: Ditty v. Farley, 219 Or. 208, 347 P.2d 47 (1959).
South Carolina: Cirosky v. Smathers, 128 S.C. 358, 122 S.E. 864 (1924).
Tennessee: Smith v. Henson, 214 Tenn. 541, 381 S.W.2d 892 (1964).
Utah: Sjoberg v. White, 119 Utah 562, 230 P.2d 331 (1951).
Vermont: Butterfield v. Community Light & P. Co., 115 Vt. 23, 49 A.2d 415 (1946).
Virginia: Ratcliffe v. McDonald, 123 Va. 781, 97 S.E. 307 (1918).
Washington: Vinnette v. Northern P.R. Co., 47 Wash. 320, 91 P. 975 (1907).
West Virginia: Hendricks v. Monongahela West Penn Pub. Serv. Co., 111 W. Va. 576, 163 S.E. 411 (1932).
Wisconsin: Nichols v. U.S. Fidelity & Guaranty Co., 13 Wis.2d 491, 109 N.W.2d 131 (1961).
Twenty-one states hold that full recovery is not allowed where one or more of several beneficiaries are negligent. However, partial recovery is allowed. Those states are:
California: Bowler v. Roos, 213 Cal. 484, 2 P.2d 817 (1931).
Colorado: Phillips v. Denver City Tramway Co., 53 Colo. 458, 128 P. 460 (1912).
Georgia: Walden v. Coleman, 217 Ga. 599, 124 S.E.2d 265 (1962).
Illinois: Nudd v. Matsoukas, 7 Ill.2d 608, 131 N.E.2d 525 (1956).
Indiana: Lindley v. Sink, 218 Ind. 1, 30 N.E.2d 456 (1940).
Kansas: Cruse v. Dole, 155 Kan. 292, 124 P.2d 470 (1942).
Kentucky: Lucas E. Moore Stave Co. v. Overbee, 262 S.W.2d 828 (Ky. 1953).
Michigan: MacDonald v. Quimby, 350 Mich. 21, 85 N.W.2d 157 (1957).
Minnesota: Hondl v. Great Western R. Co., 249 Minn. 306, 82 N.W.2d 245 (Minn. 1957).
New Hampshire: Humphreys v. Ash, 90 N.H. 223, 6 A.2d 436 (1939).
New Mexico: Baca v. Baca, 71 N.M. 468, 379 P.2d 765 (1963).
North Carolina: Pearson v. National Manufacture & Stores Corp., 219 N.C. 717, 14 S.E.2d 811 (1941).
North Dakota: Bartholomay v. St. Thomas Lumber Co., 148 N.W.2d 278 (N.D. 1966).
Ohio: Cleveland, C.C. & St. L.R. Co. v. Grambo, 103 Ohio St. 471, 134 N.E. 648 (1921).
Oregon: MacDonald v. O'Reilly, 45 Or. 589, 78 P. 753 (1904). (Conflicting Cases, see below).
South Carolina: Nettles v. Southern R. Co., 211 S.C. 187, 44 S.E.2d 321 (1947).

*107 South Dakota: Tufty v. Sioux Transit Co., 70 S.D. 352, 17 N.W.2d 700 (1945).
Tennessee: Anderson v. Memphis Street R. Co., 143 Tenn. 216, 227 S.W. 39 (1920).
Texas: Schwing v. Bluebonnet Express, Inc., 489 S.W.2d 279 (Tex. 1973).
Virginia: Danville v. Howard, 156 Va. 32, 157 S.E. 733 (1931).
West Virginia: Stogdon v. Charleston Transit Co., 127 W. Va. 286, 32 S.E.2d 276 (1944).
The following five states permit recovery where the sole beneficiary's negligence has contributed to the decedent's death:
Arkansas: Miles v. St. Louis, I.M. & S.R. Co., 90 Ark. 485, 119 S.W. 837 (1909).
Illinois: McClure v. Suter, 63 Ill. App.3d 378, 20 Ill.Dec. 308, 379 N.E.2d 1376 (1978).
Iowa: Wymore v. Mahaska County, 78 Iowa 396, 43 N.W. 264 (1889).
New Jersey: Cloyes v. Township of Delaware, 41 N.J. Super. 27, 124 A.2d 37 (1956).
New York: McMahon v. New York, 33 N.Y. 642 (1865).
Eleven states hold that recovery in full is allowed when one of several beneficiaries is negligent:
Alabama: Birmingham v. Crane, 175 Ala. 90, 56 So. 723 (1911).
Arkansas: Miles v. St. Louis, I.M. & S.R. Co., 90 Ark. 485, 119 S.W. 837 (1909).
Connecticut: Wilmot v. McPadden, 78 Conn. 276, 61 A. 1069 (1905).
Iowa: Kuehn v. Jenkins, 251 Iowa 718, 100 N.W.2d 610 (1960).
Maine: Danforth v. Emmons, 124 Me. 156, 126 A. 821 (1924).
Massachusetts: O'Connor v. Benson Coal Co., 301 Mass. 145, 16 N.E.2d 636 (1938).
Mississippi: Hines v. McCullers, 121 Miss. 666, 83 So. 734 (1920).
Louisiana: Lewis v. Till, 395 So.2d 737 (La. 1981).
Missouri: Herrell v. St. Louis-San Francisco R. Co., 324 Mo. 38, 23 S.W.2d 102 (1929).
New York: McMahon v. New York, 33 N.Y. 642 (1865).
Oregon: Gigoux v. Yamhill County, 73 Or. 212, 144 P. 437 (1914).
DAN M. LEE, J., joins this specially concurring opinion.