COLEMAN, Justice,
for the Court.
¶ 1. The instant case presents a question of premises liability in the context of a wrongful death action. The Court of Appeals affirmed the trial court’s holding that the deceased was an invitee at the time of his death and that the plaintiff breached no duty to the deceased under the standard applied to those classified as invitees while on the property of another. We agree the grant of summary judgment was appropriate but disagree with the trial court and the Court of Appeals as to the reason. We find the injured party was not an invitee at the time of the incident, but a trespasser. Because both the Court of Appeals and the trial court incorrectly classified the decedent as an invitee, we affirm only the result.
*612 FACTS
¶ 2. On May 5, 2007, seventeen-year-old Riceo Handy and his cousin Courtney visited their uncle, Craig Handy, at Bellevue Place Apartments. Craig resided and leased an apartment at Bellevue Place, but Ricco and Courtney did not. After eating lunch, Ricco and Courtney notified Craig they were going to the apartment complex pool. Neither knew how to swim. Craig did not accompany Ricco and Courtney to the pool area. The pool consisted of three different depth levels: three, six, and nine feet. The two boys entered the three-feet-deep shallow end of the pool. Ricco then repeatedly walked into the six-feet-deep portion of the pool, returning to the shallow end each time. On his final venture into the deep end, Ricco purposefully put his head under water while touching the side of the pool. Eventually, he lost contact with the side of the pool and drowned.
¶ 3. Ricco’s mother, Melissa Handy, brought a wrongful death suit against the owner of the apartment complex, A. Wad-dell Nejam, claiming that he had breached a duty to keep the pool in a reasonably safe condition. The trial court deemed Ricco, given that he was a social guest of his uncle, an invitee at the time of the drowning. The Court of Appeals affirmed both the trial court’s finding that Ricco was an invitee and the order of summary judgment in favor of Nejam. Asserting that there was an issue of material fact regarding Nejam’s alleged breach of duty under the invitee “reasonable care” standard, Melissa Handy timely appealed.
STANDARD OF REVIEW
¶ 4. On appeal, we review an order of summary judgment de novo. Kilhullen v. Kan. City S. Ry., 8 So.3d 168, 174 (¶ 14) (Miss.2009). Upon reviewing a grant of summary judgment, this Court must view the evidence “in the light most favorable to the party against whom the motion has been made.” Id., at 174-75 (¶ 14) (quoting Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993)).
DISCUSSION
¶ 5. The dissent suggests we should follow some other jurisdictions and eradicate the distinctions between invitees, licensees, and trespassers, but the Court has already rejected that suggestion and has continued to adhere to the traditional categories. See Little by Little v. Bell, 719 So.2d 757 (Miss.1998) (citing Skelton v. Twin County Rural Elec. Ass’n, 611 So.2d 931, 936 (Miss.1992)). Time and again the Court has recognized the need for landowners to restrict access to certain parts of their property by others so as not to expose the landowner to unwarranted liability; we have therefore deliberately refused to erase these ancient categories. Hudson v. Courtesy Motors, Inc., 794 So.2d 999 (¶ 12) (Miss.2001) (“In recent years, the invitee-licensee-trespasser trichotomy has come under attack ... we nevertheless hold that these distinctions are well grounded in Mississippi jurisprudence and public policy, and we decline to abandon them.”). See also Hall v. Cagle, 773 So.2d 928 (Miss.2000); Albert v. Scott’s Truck Plaza, Inc., 978 So.2d 1264 (Miss.2008). The question of whether to abandon the traditional distinctions has already been presented to us and rejected, and we turn to our analysis of the instant case.
¶ 6. Because the salient facts are not disputed, it is proper for the Court to determine Riceo Handy’s status at the time of his death as a matter of law. Howze v. Garner, 928 So.2d 900, 902 (¶ 9) (2005) (citing Adams v. Fred’s Dollar Store of Batesville, 497 So.2d 1097, 1100 (Miss.1986)). See also Buddy Jones Ford, Lincoln, Mercury Inc., 518 So.2d 646, 648 (Miss.1988).
*613 ¶ 7. In analyzing any premises liability action, we first must determine the injured, or in the instant case, deceased person’s status. Titus v. Williams, 844 So.2d 459, 467 (¶28) (Miss.2003). While he was an invitee when he first entered his uncle’s apartment, Leffler v. Sharp makes clear that Ricco Handy lost his status as an invitee when he entered the swimming pool without being accompanied by his uncle. Leffler v. Sharp, 891 So.2d 152, 154 (¶¶ 2-3) (Miss.2004). In Leffler, a guest of a hotel tenant climbed through an open window to access the rooftop where other guests had decided to gather. Id. at 154 (¶ 3). The Leffler Court took notice of two key facts which have particular relevance to the instant case. First, unbeknownst to the injured party, the hotel’s lease with the owner stated that guests of the hotel would not have access to the roof. Id. at 155 (¶ 6). Second, the lessor and the building owner had deliberately posted a “NOT AN EXIT” sign on the window only four feet away from the opening used by the plaintiff in accessing the roof. Id. at 159 (¶ 22). Because the preceding facts were undisputed, the Court upheld the trial court’s grant of summary judgment for the appellee. Id. at 159-160 (¶24).
¶ 8. Here, the leasing provision and the posted regulations requiring social guests to be accompanied by the tenant lead to the conclusion that the boys lost their status as invitees and became trespassers when they entered the pool area. Craig Handy’s lease, which he signed as part of his tenant agreement for at Bellevue Place Apartments, states, “The swimming pool, and all other recreational spaces shall be used only in compliance with the rules and regulations for the protection and convenience of the residents of the apartment community. A copy of the rules ... are displayed at various locations within the apartment community.” (Emphasis added.) It is also undisputed that a sign clearly prohibiting guests from entering the pool area without being accompanied by a resident of the apartment complex was posted by the entrance of the pool the day of the incident. “[Although the injured party may have entered the premises as an invitee, he may lose this status and acquire that of a licensee, if not a trespasser, if he exceeds the scope or purpose of the invitation by proceeding into an area not included in the invitation.” Hoffman v. Planters Gin Co., Inc., 358 So.2d 1008 (1978) (citing Braswell v. Econ. Supply Co., 281 So.2d 669 (Miss.1973)); Kelley v. Sportsmen’s Speedway, Inc., 224 Miss. 632, 80 So.2d 785 (1955). In the instant case, the pool was within Nejam’s invitation to Ricco Handy only if Craig Handy accompanied him.
¶ 9. Handy cites two cases, Lucas v. Mississippi Housing Authority, 441 So.2d 101 (Miss.1983), and John Doe v. Mississippi State Federation of Colored Women’s Club Housing for the Elderly in Clinton, Inc., 941 So.2d 820 (Miss.Ct.App.2006), for the blanket proposition that the guest of an apartment complex tenant is an invitee. However, there is no such blanket rule, and the question of status turns on the scope of the invitation, if any, to the tenant’s guests. Nothing in Lucas, where the decedent swam in the pool in the presence and with the permission of the tenants, see Lucas, 441 So.2d at 102, indicates that the lease contained restrictions on the use of the pool similar to the ones in the case sub judice. The Lucas Court based its conclusion on the proposition that allowing guests of tenants to use a pool is part of the rent or consideration for leasing the apartments, and therefore allowing guests to use the pool is to the benefit of the landlord, as it makes the property more desirable to prospective tenants. Id. at 103. Such a proposition is reasonable, but in the case sub judice, *614 Nejam limited the attractiveness of the property and therefore the benefit to himself by placing restrictions on the use of the pool by guests of tenants. John Doe does not involve a pool accident at all, but a rape of a guest that occurred in an apartment stairwell. John Doe, 941 So.2d at 824 (¶ 9). Once again, there exists no indication that guests were prohibited from the area of the apartment building where the allegedly tortuous activity occurred.
¶ 10. Other cases which have held guests of tenants to be invitees are likewise easily distinguished. For example, in Thomas v. Columbia Group, LLC, 969 So.2d 849 (Miss.2007), the Court held the guest living in an apartment with the tenant, even though not on the lease, was an invitee. However, in Thomas, the injured party occupied the premises in a manner just as the tenant would without any restrictions; there were no restrictions about a guest’s use of a corridor, stairwell, or parking lot. In this instance, the lease contained restrictions, and the posted regulations limited use of the common pool area. Because Ricco exceeded the scope of his invitation as permitted by Nejam, he lost his status as invitee.
¶ 11. Given the facts surrounding Ric-co’s entrance into the pool, the only issue to be resolved is whether he was a licensee or a trespasser. Although the duty owed to a licensee is the same as that of a trespasser, Massey v. Tingle, 867 So.2d 235, 239 (¶ 14) (Miss.2004) (citing Titus, 844 So.2d at 467 (¶ 32)), we nevertheless endeavor to determine which classification is the more appropriate.
¶ 12. At common law, a licensee is one who enters upon the property of another with the owner’s implied permission and for the convenience and benefit of the licensee. Hoffman, 358 So.2d at 1011. Conversely, a trespasser is one who enters another’s property for his own “purposes, pleasure or convenience” without permission or inducement. Titus, 844 So.2d at 467 (¶ 31) (citing White v. Miss. Power & Light Co., 196 So.2d 343 (Miss.1967)). Ricco entered the property with permission, but neither he nor Craig Handy had the authority or the right to exceed the restrictions placed on the pool by Nejam. These restrictions were made plain both in the lease under which Craig occupied his apartment as well as the posted regulations on the pool facility itself. A guest could use the pool, only if accompanied by a tenant.
¶ 13. The crucial element is permission. See Clark v. Moore Mem’l United Methodist Church, 538 So.2d 760 (Miss.1989); Holley v. Int’l Paper Co., 497 So.2d 819 (1986). Here, not only was Ricco not granted permission, but he was explicitly prohibited from using the pool without his uncle. We therefore hold that Ricco was a trespasser when he entered the pool area.
¶ 14. After determining the classification of the injured party, we determine what duty, if any, the landlord owed. Titus, 844 So.2d at 467 (¶ 28). As stated above, a landowner owes a trespasser or a licensee only the duty to refrain from willfully or wantonly injuring the licensee, unless the landowner engages in active conduct and knows of his or her presence. Skelton By & Through Roden v. Twin County Rural Elec. Ass’n, 611 So.2d 931, 936 (Miss.1992). Willful and wanton conduct means that the possessor consciously disregards a known and serious hidden danger. Id. See also Marlon Inv. Co. v. Conner, 246 Miss. 343, 353, 149 So.2d 312, 315 (Miss.1963).
¶ 15. The final step is to determine if Nejam breached the duty. Titus, 844 So.2d at 467 (¶ 28). Again, the undisputed facts of the case eliminate any ambiguity as to *615 whether a breach of duty occurred. First, the record reflects that Ricco was aware of the depth of the pool before ever entering the pool area. Second, as this Court has previously stated, the dangers of a swimming pool are obvious. Howze v. Garner, 928 So.2d 900, 904 (¶ 17) (Miss.Ct.App.2005). Given that both our precedent and the facts preclude the assumption of ignorance on the part of Ricco, we can safely conclude that Nejam did not engage in willful and wanton conduct and thus breached no duty.
CONCLUSION
¶ 16. While we agree that Ricco enjoyed the status of invitee when he first entered Nejam’s property, we respect that a property owner has the authority to restrict where his guests, whether they be business or social in nature, are permitted to be. Although the Court of Appeals and the trial court concluded correctly that summary judgment was proper, we can agree with their decision without adopting their reasoning. “[Tjhis Court may affirm the lower court’s grant of summary judgment on grounds other than that which the trial court used.” Kirksey v. Dye, 564 So.2d 1383 (Miss.1990) (citing Brocato v. Mississippi Publishers Corp., 503 So.2d 241, 244 (Miss.1987); Hickox By and Through Hickox v. Holleman, 502 So.2d 626 (Miss.1987)). Because we find that both the trial court and the Court of Appeals erred in their respective designations of Ricco as an invitee, we hereby reject the reasoning which led them to their correct result and affirm the order of summary judgment in accordance with this opinion.
¶ 17. AFFIRMED.
DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J. WALLER, C.J., NOT PARTICIPATING.