HAYNES *v.* GRAVES.

Nov. 10, 1952

No. 38529          7 Adv. S. 9          60 So. 2d 812

*R. L. Netterville,* for appellant.

*Maxwell Bramlette* and *Richard T. Watson,* for appellee.

ALEXANDER, J.

This cause involves damages alleged to have been caused by sparks from the mill of appellant, resulting in destruction of a barn upon the premises of appellee.

There are only two assignments of error, the first being that a demurrer to the plaintiff's declaration was improperly overruled; and the second that the defendant was entitled to a directed verdict.

The first assignment is not argued. However, the declaration plainly states a cause of action.

It remains to be seen, therefore, whether the plaintiffs made a prima facie case of liability and whether the testimony for the defendant is so overwhelming as to

require a remand of the case. It appears sufficiently from the record that at the time of the destruction of the barn owned by the plaintiff there was a fire burning in the slab pit of the defendant located about 680 feet southwest of the barn. During the morning, there was considerable smoke about this area and in the afternoon both smoke and sparks were seen to be wafted in the direction of the barn. The mill was located in an area upon which there was considerable underbrush and some woods. Between the mill and the barn there was a strip of land owned by one Wardell which was practically all cleared up and in cultivation. The woods near this intervening strip and adjacent to the mill property was seen to be on fire. The contention of the defendant is that there was a fire upon the Wardell lands and that this was the source of the damage. It is further contended that the defendant used customary precautions to protect the escape of spark or fires from his pit although there were no spark arresting devices employed. It should be observed that even though there was a fire upon the Wardell land, this did not of itself exonerate the defendant since such fire may well have been found to have its origin in the sparks carried from the pit. There is sharp conflict whether there was any fire burning upon the Wardell land.

Under this record the plaintiff made a prima facie case of proximate cause, and this issue, as well as that of negligence, were for the determination of the jury. This case does not involve a situation where a fire set by a defendant upon his own land has been, by a sudden and unforeseeable agency such as a sudden and violent wind, been carried upon the property of another. All the witnesses agree that there was throughout the day a prevailing wind from the southwest and that smoke and sparks were being carried in a northeasterly direction towards the plaintiff's barn. There was some testimony that after the destruction of the barn the ground fires

were seen to be proceeding back toward the mill. The defendant insisted that the wind was not unusually strong.

Reliance is placed upon the case of Serio v. I. C. R. R. Company, 54 So. 2d 481 (Miss.). However, this case is readily distinguished upon its facts since it was entirely circumstantial and there was no justiciable issue of proximate cause.

We do not believe that this was a case in which a peremptory instruction for the defendant ought to have been given, and no other assignment of error has been made.

Affirmed.

*McGehee, C. J.,* and *Lee, Kyle* and *Ethridge, JJ.,* concur.