TURNIPSEED *v.* McGEE, EXECUTOR, etc.,

No. 41078          March 9, 1959          109 So. 2d 551

160

*R. L. Netterville, W. A. Geisenberger,* Natchez, for appellant.

*Laub, Adams, Forman & Truly,* Natchez, for appellee.

ETHRIDGE, J.

The tenant sued his landloard in tort for personal injuries allegedly resulting from negligent repairs by the landlord to a scuttlehole cover on the roof of a multi-unit apartment building. There was no covenant for repairs. The cover blew from the roof and struck plaintiff. We have concluded that plaintiff's evidence did not warrant a finding of negligence, and the circuit court was correct in directing a verdict for the defendant.

This suit was filed in the Circuit Court of Adams County by appellant, W. P. Turnipseed, against Mrs. Irene K. McGee. It was revived against her executor after her death and before trial, but for brevity references to defendant or appellee include Mrs. McGee. After plaintiff had presented his evidence, the circuit court gave a directed verdict for defendant, so, for purposes of this appeal, plaintiff's evidence and the reasonable inferences which may be drawn from it must be taken as true.

Defendant owned a two-story duplex apartment building. She rented the apartment on the second floor to Turnipseed and wife, and the apartment on the first floor to other tenants. Plaintiff had been renting this apartment for around nine years, when he received his injuries on June 27, 1957. He was not permitted to

testify in support of his claim against a deceased person, arising during the life of the deceased, under the so-called "dead man's statute." Miss. Code 1942, Section 1690. So the facts must be determined from circumstantial evidence and inferences.

Mrs. Turnipseed said the day was stormy and windy. Around noon she noticed that the frame of a rose bush in the backyard was breaking, so her husband went in the yard and tied it to a gatepost. The roof of the apartment house is quite steep, and on its back part is a scuttle-hole used for access to the roof, with a cover fitted over it made of wood with metal roofing on the exterior. The cover was about eighteen by thirty inches, and weighed approximately thirty pounds. It was not fastened or tied to the roof, but fitted on a square or flange attached to the roof, made out of one by four-inch lumber. The flange arose about four inches from the roof, and the cover fitted on it.

Mrs. Turnipseed testified that she did not actually see the scuttle-hole cover blow off the roof or hit her husband. She was in the house. She went to see about him when he delayed returning. He was lying in the yard on his back, and the scuttle-hole cover was lying "opposite him. You see, he was laying here, and it was right out there." He was in constant pain for several weeks, and was unable to return to work for ten weeks. Pain continues in his back and he is unable to bend. At the time plaintiff was injured, the winds were not unusually high, but were "little gusts."

The doctor who examined plaintiff on the day of his injury said he had contusions and brush burns in the left lumbar region, with considerable swelling, indicating a hematoma in the soft tissues; and severe pain and difficulty in walking. The doctor also found and operated on a bilateral inguinal hernia.

The defendant had been renting the two apartments for a number of years. She had different people repair

and maintain the building, including Donald Mulvihill, who did the roofing work. He was called shortly after plaintiff was injured, and on arrival, he found the cover on the ground in the backyard. In response to an inquiry as to whether he had previously worked "on it," he said, "Well, I came through it." The cover had never been latched or tied down. The usual, customary practice is to secure such covers by a hook or a wire. If it had been so secured, it probably would not have blown off the roof. If he found a defect in the building, he would advise defendant, and she would tell him to fix it. He had repaired this roof before, but did not tie the cover down. He testified: "Q. Now, in addition to going through this scuttle-hole, you had worked on it prior to June 27th, 1957, had you not? A. Yes, sir. Q. For Mrs. McGee? A. Yes, sir." Shortly before this incident, a storm blew the chimney down, and he repaired the damage to the roof. The cover had never been tied down, had never blown off before, and he had never said anything to defendant about it, because it simply did not impress him. He thought it was installed properly. He did not think the cover needed a latch on it.

Two contractors testified that the usual and standard practice is to either tie or latch down scuttle-hole covers for weather protection and safety.

■■ ■ The evidence would support a finding by the jury that appellant was injured by being struck with the cover. Although no witness actually saw it blow off the house, clearly it did. Plaintiff was found by his wife lying on his back, with a severe trauma and contusions in the left lumbar region, and brush burns at that point. Before he went in the yard, plaintiff was in good physical condition, with no such injuries. The cover was found lying near him after gusts of wind had arisen. A casual connection between an agency and the injury complained of may be shown by circumstantial, as well as by direct evidence. Haynes v. Graves, 215

Miss. 353, 60 So. 2d 812 (1952); 32 C. J. S., Evidence, Section 1039, p. 1099; 38 Am. Jur., Negligence, Section 333, pp. 1032-1033.

Since there was no express covenant by the landlord for repairs, appellant cannot proceed on that theory, under the limited circumstances in which a tenant can recover damages for personal injuries resulting from breach of a covenant to repair. Rich v. Swalm, 161 Miss. 505, 137 So. 325 (1931); Ford v. Pythian Bondholders Protective Committee, 223 Miss. 630, 78 So. 2d 743 (1955); Jones v. Millsaps, 71 Miss. 10, 14 So. 440 (1893). Appellant's claim must necessarily be based upon one of two theories in tort. We do not think that he can recover upon either of them.

■■ Although a lease does not contain a covenant to make repairs, if the landlord voluntarily undertakes to make them during the term of the lease, he is liable for the want of due care in the execution of the work, in tort and for negligence, and not because of any implied covenant to repair. Green v. Long, 152 Miss. 117, 118 So. 705 (1928); 32 Am. Jur., Landlord and Tenant, Sections 678-683; 51 C. J. S., Landlord and Tenant, Section 366. The limitation on this basis of liability is that it exists for doing repairs in a negligent manner. The distinction is made between nonfeasance and misfeasance of the landlord. The liability is only for active and direct negligence with regard to the subject matter of his undertaking. 32 Am. Jur., Landlord and Tenant, Sections 678, 679, 682. ■■ The evidence does not indicate that defendant was guilty of any such negligence with regard to installation of the scuttle-hole cover. Viewed as a whole, it does not show that defendant through Mulvihill made any repairs on the cover. The cover had never been latched down. It fitted into a flange on the roof, which had held it adequately for many years up to the date in question.

■■■ The second, alternative theory of liability upon which plaintiff must rely pertains to a multi-unit apartment building, where the owner leases parts to different tenants, and expressly or impliedly reserves other parts, such as entrances, halls, stairways, porches and walks, for the common use of different tenants. It is the landlord's duty to exercise reasonable care to keep safe such parts over which he reserves control, and, if he is negligent in this respect, and personal injury results to a tenant or to a person there in the right of the tenant, he is liable in tort. 32 Am. Jur., Landlord and Tenant, Section 688. This principle applies to defective conditions of a roof. Ibid., Section 744. But an essential limitation on that theory of liability is: "The landlord must have actual or constructive notice of the defect and a sufficient opportunity to repair the same." Ibid., Section 744. Mississippi has adopted this rule. Hiller V. Wiley, 192 Miss. 488, 6 So. 2d 317, sustaining suggestion of error to 5 So. 2d 489 (1942).

■■■ Appellant cannot prevail under this rule, for two reasons: First, the evidence would not warrant a finding that the landlord failed to exercise ordinary care in keeping the scuttle-hole cover in a reasonably safe condition for the purposes intended. The cover had been installed in this frame or flange for over nine years, and it had never before been blown from the roof. Defendant, and Mulvihill, who did part-time repairs for her, reasonably thought it was adequately installed, and had no reason to think otherwise. Second, defendant had no actual or constructive knowledge of any defect in the installation of the cover.

Affirmed.

*McGehee, C. J.,* and *Hall, Arrington* and *Gillespie, JJ.,* concur.