BANKS, Justice,
for the Court:
¶ 1. The matter before this Court involves an appeal from the trial court’s grant of a motion for a judgment notwithstanding the verdict in favor of the defendant, A & V Enterprises. We conclude that there was credible evidence from which a jury could conclude that A & V Enterprises had actual or constructive notice of the dangerous propensities of Brian Brown’s dogs. Thus, we reverse the decision of the trial court.
I.
¶2. On January 17, 1990, the appellant, Wanda H. Mongeon, was attacked by two black Labrador retrievers that belonged to Brian Brown while walking from her trailer to the washateria on the premises of Anchor Trailer Park which is owned and operated by the appellee, A & V Enterprises, Inc. Mon-geon was bitten several times, and attempted to escape by climbing the fence surrounding the children’s playground, which was located between her trailer and the washateria. When she attempted to get over the fence, the fence broke and she fell on her head. Immediately after the attack, Mongeon was taken to the hospital for her injuries.
¶3. She was treated for numerous bite wounds. She also received an anterior cervical fusion and diskectomy for the injuries to her neck that she sustained from the fall. Mongeon sued Brown and the owner of the trailer park, A & V Enterprises, for compensation for her injuries. There is no dispute that Brown’s dogs attacked Mongeon. The only dispute that was presented is whether Brian Brown and A & V Enterprises had actual or constructive knowledge of the dangerous propensities of Brown’s dogs.
¶ 4. The jury returned a verdict against A & V Enterprises in the amount of $50,000. A & V moved for judgment notwithstanding the verdict. After hearing an extensive presentation of both parties’ arguments, the trial court granted A & V’s motion for judgment notwithstanding the verdict on the grounds that there was “absolutely nothing” in the record to show that A & V had any notice that Brian Brown’s dogs were dangerous. From the trial court’s grant of A & V’s motion for judgment notwithstanding the verdict, Mongeon, appeals.
II.
a.
¶ 5. It is well-settled that in order for an owner to be exposed to liability for an attack by his animal:
[TJhere [must] be some proof that the animal has exhibited some dangerous propensity or disposition prior to the attack complained of, and, moreover, it must be shown that the owner knew or reasonably should have known of this propensity or disposition and reasonably should have foreseen that the animal was likely to attack someone. Poy v. Grayson, 273 So.2d 491, 494 (Miss.1973). In this case, A & V Enterprises holds the position of lessor of a trailer park, where a dog attack occurred within an area designated for the common use by the inhabitants of the trailer park.
¶ 6. In Wilson v. Allday, 487 So.2d 793, 796 (1986), this Court stated that “where the lessor reserves control over a designated area for common use of tenants and is negligent, [the] lessor is liable for resulting injury.” However, in order for the lessor to be held liable, he or she “must have actual or constructive knowledge of the defect [or condition] and a sufficient opportunity to repair *1185 the same.” Id. (citing Tumipseed v. McGee, 236 Miss. 159, 109 So.2d 551 (1959)). Thus, in order for A & Y Enterprises to be held liable for Mongeon’s injuries, it must have had actual or constructive notice of the dangerous propensities of Brown’s dogs.
¶ 7. The trial court granted the appellee’s motion for a judgment notwithstanding the verdict of the jury based on its view that there was nothing in the record to show that A & V Enterprises had any notice that Brian Brown’s dogs were dangerous. The appellant, however, asserts that she proved by a preponderance of the evidence that A & V Enterprises knew or reasonably should have known of the dangerous propensities of Brown’s dogs and thus, the verdict of the jury was not inconsistent with the evidence presented and the instructions given by the court.
¶8. A “motion for J.N.O.V. tests the legal sufficiency of the evidence supporting the verdict.” Goodwin v. Derryberry, 553 So.2d 40,42 (Miss.1989) (quoting Stubblefield v. Jesco, 464 So.2d 47, 54 (Miss.1984)). “[T]his Court considers the evidence in the light most favorable to the party against whom the motion has been made, disregarding any evidence on the part of the movant, which is conflicting.” Bruner v. University of Southern Mississippi, 501 So.2d 1113, 1116 (Miss.1987). If there is credible evidence from which the jury may draw reasonable inferences supporting the jury’s verdict, such verdict must withstand a motion for judgment notwithstanding the verdict. Id. (citing Bay Springs Forest Products, Inc. v. Wade, 435 So.2d 690, 693 (Miss.1983)).
¶9. On behalf of Mongeon, Donna Nelson testified that she informed both Kay Wells, the resident manager of the trailer park and Robert Hooks, a minority shareholder of A & V and manager of the trailer park, of an incident involving dogs which growled at her near the washateria area of the trailer park and another incident in which three dogs approached her little dog. Nelson further testified that Wells responded by asserting that “Brian Brown’s dog was not dangerous ... [however], she would see to it that it was tied up.”
¶ 10. The question is whether these incidents constituted an exhibition of “some dangerous propensity or disposition.” This Court has not defined the behavior which constitutes an exhibition of a dangerous propensity. We find helpful analysis of the issue rendered by some of our sister states.
¶ 11. In Boosman v. Moudy, 488 S.W.2d 917 (Mo.App.1972), the Missouri Court of Appeals stated that “[a]ny tendency of a dog to injure persons, whether the dog acts from a purpose to do bodily harm, from ill-temper, or only playfulness, is a dangerous propensity for which a keeper who has reason to know of such habit will be liable.” Id. at 920 (citing Dansker v. Gelb, 352 S.W.2d 12,16-17 (Mo.1961)). Similarly, in Farrior v. Payton, 57 Haw. 620, 562 P.2d 779 (Haw.1977), the Supreme Court of Hawaii stated:
[t]he terms ‘vicious propensities’ and ‘dangerous propensities’ have been defined as ‘(a)ny propensity on the part of the dog, which is likely to cause injury under the circumstances in which the person controlling the dog places it ... and a vicious propensity does not mean only the type of malignancy exhibited by a biting dog, that is, a propensity to attack human beings.’
Id. at 627, 562 P.2d at 785 (citing 3A C.J.S. Animals 199, at page 701 (1973)); Dansker v. Gelb, 352 S.W.2d at 16-17. Under this standard, the Hawaii court found that the defendant’s German shepherd dog, known to have run and barked on numerous occasions at all strangers coming near their property, exhibited vicious propensities, although there was no evidence that their dog had ever bitten anyone. Farrior v. Payton, 57 Haw. at 630, 562 P.2d at 786. The evidence of barking and chasing was deemed sufficient to present to a jury the issue of whether the owners of the dog were negligent and liable for the plaintiffs injuries which resulted from her attempt to escape from the defendant’s dog. Id. at 632, 562 P.2d at 787.
¶ 12. Following these standards, a reasonable jury could have found that the incident in which Brown’s dogs growled at Donna Nelson near the washateria constituted an exhibition of a dangerous or vicious propensity by Brian Brown’s black Labrador retrievers. Considering the evidence in the light *1186 most favorable to Mongeon, there is credible evidence from which the jury may have drawn a reasonable inference supporting its verdict. The trial court’s grant of A & V Enterprises’s motion for a judgment notwithstanding the verdict was unwarranted and must be reversed.
¶ 13. REVERSED AND RENDERED.
PRATHER and SULLIVAN, P.JJ., and McRAE and MILLS, JJ., concur.
SMITH, J., dissents with separate written opinion joined by DAN LEE, C.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.