MYERS, J.,
for the Court.
¶ 1. This “slip and fall” case is appealed from the Circuit Court of Panola County, wherein Harvey Sowell’s motion for summary judgment was granted. Helen Dulin rented a house from Harvey Sowell. Dulin slipped and fell on a concrete carport at the rental house and sued Sowell for her injuries. The circuit court granted So-well’s motion for summary judgment and Dulin appeals, arguing that the trial court erred in granting summary judgment. In particular, Dulin challenges the trial court’s holding that Sowell did not breach his duty to provide Dulin with a reasonable, safe place to live and that Sowell did not have knowledge of a defective condition on the premises. Sowell argues that the premises were not unreasonably dangerous and that the circuit court should be affirmed. Aggrieved by the trial court’s grant of Sowell’s motion for summary judgment, Dulin appeals, raising the following issue:
I. WHETHER SOWELL BREACHED HIS DUTY TO PROVIDE DULIN WITH A REASONABLE, SAFE *1012 PLACE TO LIVE AND WHETHER SOWELL HAD KNOWLEDGE OF A DEFECTIVE CONDITION ON THE PREMISES.
Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On April 4, 2002, Dulin was renting a house from Sowell located in Panola County, Mississippi. During a trip to the laundry room located under the carport, Dulin slipped on the concrete and suffered a fractured left ankle. On February 14, 2003, Dulin filed a complaint against So-well, in which she contends that her fall was due to the presence of moisture on the concrete floor. Dulin further alleged that Sowell was negligent in failing to exercise ordinary care and diligence to keep the carport of the rental home in a safe condition. Dulin attributes the carport’s alleged unsafe condition to slippery conditions present in the carport during rainy weather, although she alleges that at the time of her fall, the carport was merely damp due to the concrete’s sweating.
LEGAL ANALYSIS
I. WHETHER SOWELL BREACHED HIS DUTY TO PROVIDE DULIN WITH A REASONABLE, SAFE PLACE TO LIVE AND WHETHER SOWELL HAD KNOWLEDGE OF A DEFECTIVE CONDITION ON THE PREMISES.
STANDARD OF REVIEW
¶ 3. A trial court’s grant or denial of a motion for summary judgment is reviewed de novo. Bullock v. Life Ins. Co. of Mississippi, 872 So.2d 658, 660(¶ 6) (Miss. 2004) (citing Hurdle v. Holloway, 848 So.2d 183, 185 (Miss.2003)). In making this determination, we review all the evi-dentiary matters in the record and the evidence is viewed in the light most favorable to the party against whom the motion has been made. Id. “If, in this view, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law, summary judgment should forthwith be entered for the movant. Otherwise, the motion should be denied.” Id.
DISCUSSION
¶4. Dulin contends that the trial court’s grant of Sowell’s motion for summary judgment was in error. Dulin argues that Sowell was negligent in that he failed to exercise ordinary care and diligence to keep the carport of the rental home in a safe condition, creating a fact issue, thus precluding a grant of summary judgment. This area of the law is well-settled in Mississippi.
¶ 5. Mississippi has adopted the implied warranty of habitability towards landlords through Justice Sullivan’s concurrence in O’Cain v. Harvey Freeman and Sons, Inc. of Mississippi, 603 So.2d 824, 832 (Miss.1991). (Justices Roy Noble Lee, Prather, Robertson, and Banks also concurred, giving this opinion precedential value). The implied warranty of habitability was further advanced as the controlling standard for Mississippi in the case of Sweatt v. Murphy, 733 So.2d 207, 209-10 (¶¶ 7-8) (Miss.1999). As stated by the O’Cain opinion and further emphasized by the Sweatt decision, “the bare minimum standard for an implied warranty of habitability should require a landlord to provide a reasonably safe premises at the inception of a lease, and to exercise reasonable care to repair dangerous defective conditions upon notice of their existence by the tenant ....” O’Cain, 603 So.2d at 833 (emphasis added).
¶ 6. We find Dulin’s argument is meritless for two reasons. First, as our law states, a landlord is required to main *1013 tain the leased premises in a reasonably safe condition during the course of the lease. Although a duty exists to maintain the property in a reasonably safe condition, the tenant is not absolved from all responsibilities. As this Court stated in Houston v. York, 755 So.2d 495 (Miss.Ct. App.1999), a tenant is not “completely removed from the responsibility of bringing known defects in need of repair to the landlord’s attention or making a reasonable inspection of the leased premises for defects or dangerous conditions which are reasonably detectable to the average person.” Id. at 501(¶22). Thus, the tenant has a duty to provide notice to his or her landlord.
¶ 7. In addition, our caselaw has long held that a landlord/lessor has no obligation to make repairs to the leased premises, even if they are necessary, in the absence of a contract to do so. Ford v. Pythian Bondholders Protective Comm., 223 Miss. 630, 643, 78 So.2d 743, 748 (1955). Yet, although such obligations may be required by the contract between the parties, the landlord/lessor must have actual or constructive knowledge of the defect and a reasonable opportunity to make repairs. Tumipseed v. McGee, 236 Miss. 159, 166, 109 So.2d 551, 554 (1959). It is clear from the record before this Court that Dulin did not notify Sowell of this alleged defect. This is demonstrated in Dulin’s deposition when questioned about Sowell’s notice of the alleged defective condition. Dulin testified regarding Sowell’s notice as follows:
Q. Okay. My question to you is, do you feel like Mr. Sowell should have given you a warning of the moisture buildup in that carport?
A. If he was aware of it, yes.
¶ 8. Dulin did not testify that she had given Sowell notice, but, in fact, states that she is unaware of whether or not Sowell actually knew of the alleged defective condition. Sowell’s deposition bolsters this fact and demonstrates that he was completely unaware of the alleged defective condition and that he had never been put on notice of potential moisture buildup by Dulin. Sowell’s testimony regarding the condition of the alleged dangerous surface is as follows:
Q. And it’s your — I want to make sure I’m correct when I say this, Mr. Harvey: It is your testimony today that the carport area of this home where Ms. Dulin fell remains in its original condition? Nothing ever added to it, nothing ever taken away from that carport floor?
A. Right.
Q. Has anyone ever complained to you before, Mr. Harvey, about the carport being wet, slippery or anything of that nature?
A. No.
The record is clear that Sowell was unaware of the alleged defect and that Dulin failed to act in accordance with Mississippi law by notifying Sowell of the alleged defect.
¶ 9. Secondly, the defense to slip and fall actions which was formerly recognized in our courts was the “open and obvious” defense. This doctrine of law was abolished by the Mississippi Supreme Court in the case of Tharp v. Bunge Corp., 641 So.2d 20, 23 (Miss.1994). In the Tharp decision, the court applied the comparative negligence standard codified by Mississippi Code Annotated § 11-7-15 (Rev.2004) which states as follows:
In all actions hereafter brought for personal injuries, or where such injuries have resulted in death, or for injury to property, the fact that the person injured, or the owner of the property, or person having control over the property may have been guilty of contributory negligence shall not bar a recovery, but *1014 damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property.
In the case sub judice, Dulin’s negligence is clear. Dulin contends that she “very seldom traveled that little area;” yet, in order for her to access her laundry room, she was required to traverse this area. Furthermore, Dulin testified at her deposition that the portion of the carport closest to the utility door was “slicky,” while the remaining portion was not. This testimony indicates some degree of familiarity with the presence of the alleged danger and thus, some amount of contributory negligence by Dulin. Though Dulin was able to testify about the “slicky” surface of the carport, which was presumably due to the concrete’s sweating, Sowell testified that he was completely unaware of this condition. It cannot be stated that Sowell was contributorily negligent for an alleged condition of which he was completely unaware and had no reason to know of. It is well established in our jurisprudence that the owner of property is not an insurer against all injuries. As stated in the Houston decision:
This is not to say that a landlord is an insurer of safety. A landlord is not. Making a landlord subject to tort liability merely requires him to act as a reasonable landlord under the circumstances of the case. The tenant would still be required to show duty, breach, causation, and damages, and the landlord would be entitled to raise the standard tort defenses, such as contributory negligence, unforeseeability or intervening cause.
Houston, 755 So.2d at 501(¶ 22) (citing O’Cain, 603 So.2d at 833).
¶ 10. The record before this Court simply does not illustrate any negligence on the part of Sowell. With the holdings of our caselaw in mind, we must next turn to the Mississippi Rules of Civil Procedure. Rule 56(c) of the Mississippi Rules of Civil Procedures states in pertinent part that:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
As discussed above, it is clear from the record before this Court that Sowell was unaware of the alleged defective condition of the carport and that Dulin did not provide notice of the carport’s damp condition. Further, the record does not indicate any degree of negligence on the part of Sowell. Therefore, summary judgment was proper as to Dulin’s claims.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., CHANDLER, GRIFFIS, BARNES AND ISHEE, CONCUR. IRVING, J., CONCURS IN RESULT ONLY.