# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00441-COA

MICHAEL A. FOX                                                                                    APPELLANT

v.

ALLEN AUTOMOTIVE, INC. AND TITAN                                       APPELLEES
PROPERTY GROUP, LLC

DATE OF JUDGMENT:              03/09/2023
TRIAL JUDGE:                         HON. CHRISTOPHER LOUIS SCHMIDT
COURT FROM WHICH APPEALED:   HARRISON COUNTY CIRCUIT COURT,
                                     FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        ANDREW GLEN McCULLOUGH
ATTORNEYS FOR APPELLEES:       PAUL PACIFIC BLAKE
                                     TIM C. HOLLEMAN
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
DISPOSITION:                       REVERSED AND REMANDED - 09/17/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.    Michael Fox was injured when he stepped into a deep hole as he was walking his dog next to a car dealership's driveway while he waited for his car to be repaired. Fox sued the dealership, Allen Automotive Inc. ("Allen"),[1] for failure to maintain the premises in a reasonably safe condition and failure to warn. The circuit court granted summary judgment for Allen, finding that Fox exceeded the scope of his invitation, that he was a trespasser when he fell, and that there was no evidence that Allen willfully or wantonly injured him. We hold

_____

[1] Fox also sued the property owner, Titan Property Group LLC, which is a related entity. We refer to the defendants collectively as "Allen."

that the circuit court erred by finding that Fox exceeded the scope of his invitation and became a trespasser, and there is a genuine issue of fact as to whether Allen breached its duty to Fox as an invitee. Therefore, we reverse and remand the case for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2. While on a trip to the Mississippi Gulf Coast, Fox and his wife took their Toyota to Allen for repairs. As they approached the dealership, Fox asked his wife to let him out on the dealership's driveway so he could take their dog, a Queensland Heeler,[2] for a walk in the grass next to the driveway. As Fox and the dog walked alongside the driveway, Fox stepped into a hole near a drainage grate. The hole was several feet deep, but its opening was only about eight inches by eight inches. Fox's leg went into the hole "up to his knee," injuring his leg, knee, and back. Fox sued Allen, alleging that it breached its duty to maintain the premises in reasonably safe condition and to warn of the dangerous condition.

¶3. Allen moved for summary judgment, arguing that Fox exceeded the scope of his invitation and became a trespasser (or, at best, a licensee) when he ventured outside one of

---

[2] A Queensland Heeler, also commonly referred to as a Blue or Red Heeler or an Australian Cattle Dog, "is related to Australia's famous wild dog, the Dingo." American Kennel Club, *Australian Cattle Dog*, https://www.akc.org/dog-breeds/australian-cattle-dog/ (last visited Sept. 17, 2024). The critically acclaimed animated series *Bluey* is about a family of Blue and Red Heelers—mum Chilli, dad Bandit, sister Bingo, and the eponymous Bluey. *See* YouTube, *Bluey Theme Song!*, *Bluey - Official Channel*, https://www.youtube.com/watch?v=8nv1m-aTCZI (last visited Sept. 17, 2024). Classic episodes of *Bluey* include *Dance Mode* (Season 2, Episode 1, Mar. 17, 2020), *Sleepytime* (Season 2, Episode 26, Apr. 11, 2020), *Cricket* (Season 3, Episode 47, June 11, 2023), and *The Sign* (Season 3, Episode 49, Apr. 14, 2024).

the dealership's gates[3] to a "remote" part of the property without permission. Allen further argued that because Fox was a trespasser or licensee, Allen's only duty was to refrain from willfully or wantonly injuring him. With no evidence that Allen had willfully or wantonly injured Fox, Allen argued that it was entitled to judgment as a matter of law. Alternatively, Allen argued that even if Fox remained an invitee when he fell, Allen was still entitled to summary judgment because there was no evidence of negligence.

¶4. In his response, Fox argued that he remained an invitee when he fell because Allen did not prohibit customers from walking on the strip of grass where he fell, and Allen permitted customers to walk their dogs on the property's green space. Fox noted that Jonathan Allen, Allen's president and Rule 30(b)(6) representative, testified that "[a]nimals are welcome" on the dealership's property and that customers are allowed to walk their dogs on "green space on the . . . property." Allen opined that Fox should have walked his dog "somewhere else, somewhere that may have been a different dog-walking style of area." But because no sign or anything else prohibited customers from walking in the area where he fell, Fox argued that he remained an invitee at all times. Fox further argued that Allen had constructive knowledge of the hole but failed to fix it or warn customers about it, thereby breaching its duty to him as an invitee. Fox submitted an affidavit from a professional engineer (Seth Dean) who opined that the type of hole that Fox fell into likely formed gradually and would have been visible for at least several months prior to Fox's fall.

¶5. The circuit court granted Allen's motion for summary judgment, finding that Fox "lost

_____

[3] Allen emphasizes that Fox fell outside a "swivel gate" that Allen "close[s] at night." But this gate is open during business hours for customers' entrance into the dealership.

[his] status [as an invitee] when he ventured across an access road to a remote, unused area of [Allen's] property"—an area Fox "had no permission to enter." According to the circuit court, this made Fox a "trespasser," and Allen's only duty was to refrain from willfully or wantonly injuring him. Since there was no evidence that Allen had willfully or wantonly injured Fox, the circuit court granted summary judgment in favor of Allen.

## ANALYSIS

¶6.     "We review the grant . . . of a motion for summary judgment de novo, viewing the evidence in the light most favorable to the [non-moving] party . . . ." *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013) (quotation marks omitted). Summary judgment "shall be rendered" if the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). The non-moving party "may not rest upon the mere allegations or denials of his pleadings," but must respond with competent evidence of "specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). "The movant bears the burden of *persuading* the [court] that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law." *Palmer v. Biloxi Reg'l Med. Ctr. Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990). The non-moving party "should be given the benefit of *every reasonable doubt*," and "[i]n any case where doubt exists as to whether there is a genuine issue of material fact, the trial judge should err on the side of denying the motion and permitting a full trial on the merits." *Renner v. Retzer Res. Inc.*, 236 So. 3d 810,

4

815 (¶21) (Miss. 2017) (brackets and quotation marks omitted).

¶7. "In a negligence action, the plaintiff must show duty, breach, causation, and damages." *Clinton Healthcare LLC v. Atkinson*, 294 So. 3d 66, 71 (¶9) (Miss. 2019). In a premises liability case, the nature of the defendant's duty to the plaintiff depends on whether the plaintiff was an invitee, licensee, or trespasser at the time of the injury. *Leffler v. Sharp*, 891 So. 2d 152, 156 (¶10) (Miss. 2004). The Mississippi Supreme Court has explained that

> an *invitee* is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage. A *licensee* is one who enters upon the property of another for his own convenience, pleasure, or benefit pursuant to the license or implied permission of the owner whereas a *trespasser* is one who enters upon another's premises without license, invitation, or other right.

*Id.* at (¶11) (ellipsis omitted) (quoting *Corley v. Evans*, 835 So. 2d 30, 37 (¶21) (Miss. 2003)).

¶8. Here, there is no dispute that Fox was an invitee when he arrived at the dealership to get his car fixed. But Allen argues that Fox lost his status as an invitee and became a trespasser or, at best, a licensee by going "beyond the bounds of his invitation." *Id.* at 157 (¶15) (quoting *Payne v. Rain Forest Nurseries Inc.*, 540 So. 2d 35, 38 (Miss. 1989)). The distinction is important because a business owes an invitee a "duty to keep the premises reasonably safe" and to warn of any "hidden danger or peril that is not in plain and open view." *Id.* at 157 (¶12) (quoting *Massey v. Tingle*, 867 So. 2d 235, 239 (¶13) (Miss. 2004)). In contrast, a business's duty to licensees and trespassers is only "to refrain from willfully or wantonly injuring them." *Id.* (quoting *Massey*, 867 So. 2d at 239 (¶14)). "The determination of which status a particular plaintiff holds can be a jury question, but where

5

the facts are not in dispute the classification becomes a question of law for the [court]." *Id.* at 156 (¶10).

¶9.    Fox's status as an invitee, a licensee, or a trespasser is a question of law for the court because the facts that are material to the issue are not disputed. Fox testified that he took his dog for a walk alongside the dealership's driveway without requesting permission. He testified that he chose that area because he "felt like [he] was doing [Allen] a favor by not bringing the dog to the service area." He "felt like [he] was away from [Allen's] area of business enough where [he] didn't need to" ask for permission to walk his dog there. Fox noted that the area was outside of "a swivel gate" that Allen "close[d] . . . at night." Jonathan Allen testified that Allen's customers used the "access road" or "entrance" road and that it was part of the dealership's property. He testified that the ten-foot-wide strip of grass where Fox fell was "not used" and that the dealership did not display cars there. But he acknowledged that the area was not "blocked off" and that no signs prohibited customers from walking there. Allen stated that "[a]nimals are welcome" on the dealership's property, but he thought that Fox should have "walk[ed] his dog somewhere else . . . that may have been a different dog-walking style of area." Allen only took issue with the particular area that Fox chose to walk his dog, testifying as follows:

> Q.    Is there anywhere on your property that is for people that might have their dog with them?
>
> A.    We don't have any rule about animals. Animals are welcome. But there's plenty of green space on the Toyota property that he could have walked his dog, and you know, I think would qualify more as an area that would pertain to this situation than the area we're speaking about.

Q.      And you wouldn't have minded if a dog, say, defecated on that side of the access road closer to your business?

A.      I don't mind where dogs defecate at all.

¶10.    "An invitee who goes beyond the bounds of his invitation loses the status of invitee and the rights which accompany that state." *Leffler*, 891 So. 2d at 157 (¶15) (quotation marks and ellipsis omitted). For example, in *Handy v. Nejam*, 111 So. 3d 610 (Miss. 2013), social guests of a resident of an apartment complex "lost their status as invitees and became trespassers when they entered the pool area" because, inter alia, "a sign clearly prohibiting guests from entering the pool area without being accompanied by a resident of the apartment complex was posted by the entrance of the pool." *Id.* at 613 (¶8). In *Leffler*, a bar patron lost his status as an invitee when he climbed through a small window onto the bar's roof, ignoring a "NOT AN EXIT" sign posted only four feet away on a locked door to the roof. *Leffler*, 891 So. 2d at 155, 158-59 (¶¶3, 20-21). And in *Payne*, a customer was no longer an invitee and was, at best, a licensee when he reentered a business's premises after hours, without permission, and through a closed gate. *Payne*, 540 So. 2d at 38. In contrast, in *Braswell v. Economy Supply Co.*, 281 So. 2d 669 (Miss. 1973), the Supreme Court held that a customer who was invited to inspect lumber did not lose his status as an invitee when he entered or climbed into a lumber bin rather than simply inspecting the lumber from outside the bin. *Id.* at 671, 673. The Court reasoned that his "status . . . did not change from a business invitee to that of a licensee or trespasser because there was nothing in the invitation to inspect the lumber that limited him to remaining outside the bin except the belief in the mind of [the business's] salesman that [the customer] would not enter the bin to inspect the lumber." *Id.*

7

at 673. And the salesman's "belief was not communicated to [the customer]." *Id.*

¶11. Here, the undisputed facts do not show that Fox exceeded the bounds of his invitation and became a mere licensee or trespasser. The dealership had no rule or posted sign that prohibited customers from walking in the grass where Fox fell. Moreover, according to Jonathan Allen, Fox was "welcome" to walk his dog in green space on the dealership's property. Allen only stated, after the fact, that he thought Fox could have chosen a better "dog-walking style of area." But Allen's "belief" regarding a preferred dog-walking area did not transform Fox into a trespasser because it "was not communicated to [Fox]." *Braswell*, 281 So. 2d at 673.

¶12. Other than relying on its own belief that customers would use other areas of the property to walk their dogs, Allen simply argues that Fox became a licensee or trespasser because he "admittedly" fell in a "remote" area of the property. Although Allen cites Fox's deposition testimony for this point, Fox simply testified that the area "seemed to be remote enough that [he] didn't worry" about asking for permission to walk this dog there. He stated that he "felt like [he] was away from [Allen's] area of business enough" that he would "not get in their way." Nothing in the record clearly establishes the distance between the area where Fox fell and the dealership's parking lot or buildings. Fox has asserted in the circuit court and this Court that he fell approximately 100 feet from the gate to the dealership's parking lot.[4] Allen does not dispute this assertion, which appears to be consistent with an image from Google Maps that is in the record. In any event, in the absence of signs or any

---

[4] There is no testimony or affidavit from Fox or anyone else regarding this distance.

other circumstances to put customers on notice that the subject area was off-limits to customers, the area was not so "remote" as to make Fox a licensee or trespasser.

¶13.    Because Fox retained his status as an invitee, Allen owed him "a duty . . . to keep its premises in a reasonably safe condition and to warn of dangerous conditions [that were] not readily apparent to [Fox]." *Lasseter v. AWH-BP Jackson Hotel LLC*, 380 So. 3d 232, 236 (¶13) (Miss. 2024) (quoting *Drennan v. Kroger Co.*, 672 So. 2d 1168, 1170 (Miss. 1996)). "This duty includes 'a duty to conduct reasonable inspections to discover dangerous conditions existing on the premises.'" *Rhodes v. RL Stratton Props. LLC*, 376 So. 3d 385, 389 (¶12) (Miss. Ct. App. 2023) (quoting *Wilbanks v. Hickman*, 198 So. 3d 393, 397 (¶12) (Miss. Ct. App. 2016)).  To show that Allen breached its duty to him, Fox

> must (1) show that some negligent act of [Allen] caused his injury; or (2) show that [Allen] had actual knowledge of a dangerous condition and failed to warn [him]; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to [Allen], in that [Allen] should have known of the dangerous condition.

*Renner*, 236 So. 3d at 814 (¶15) (quoting *Anderson v. B.H. Acquisition Inc.*, 771 So. 2d 914, 918 (¶8) (Miss. 2000)).  To survive summary judgment, Fox must "furnish sufficient evidence under at least one of these theories." *Walker v. Cellular S. Inc.*, 309 So. 3d 16, 24 (¶29) (Miss. Ct. App. 2020).

¶14.    There is a genuine issue of material fact as to whether Allen had constructive knowledge of the dangerous condition that caused Fox's injury.  "Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of [that condition]." *Lasseter*, 380 So.

9

3d at 238 (¶22) (quoting *Waller v. Dixieland Food Stores Inc.*, 492 So. 2d 283, 285 (Miss. 1986)). Fox submitted an affidavit from Dean, an experienced professional engineer, who stated that "barring a torrential rain incident," the hole would have "form[ed] gradually." According to Dean, "the hole in question would have been present and visible to an individual inspecting the property for defects for at least several months prior to the accident date, possibly much longer." Allen produced no evidence to contradict Dean's affidavit or to show that the hole had developed suddenly. On appeal, Allen does not address Dean's affidavit and simply argues that it had "no duty to inspect this portion of the property because [it] had no expectation customers would wander onto this portion of the property." However, the hole was only a few feet from the driveway that Allen's customers used to enter the dealership, and Allen paid a contractor to mow that area regularly. "In considering summary judgment motions, the . . . court does not try the issues, it only determines if there are issues to be tried." *Est. of Biddle v. Biddle*, 369 So. 3d 525, 529 (¶13) (Miss. 2023). On the record before us, there is a genuine issue of material fact regarding whether Allen had constructive knowledge of the hole. Accordingly, the circuit court erred by granting summary judgment.

## CONCLUSION

¶15. The circuit court erred by finding that Fox lost his status as an invitee and became a trespasser, and there is a genuine question of material fact as to whether Allen breached the duty owed to Fox as an invitee. Therefore, the court erred by granting summary judgment, and we reverse and remand the case for further proceedings consistent with this opinion.

¶16. **REVERSED AND REMANDED.**

10

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**